UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH CHRISTOPHER COLON,
et al.,

      Plaintiffs,

v.                                    Case No. 3:21-cv-149-BJD-JBT

FLAGLER COUNTY
DETENTION FACILITY,

      Defendant.

## ORDER OF DISMISSIAL WITHOUT PREJUDICE

      Plaintiffs, Joseph Christopher Colon; Jimmie Lee Belle, III; Nathaniel Ryder Shimmel; Christopher Shane Brock; and Alfred L. Shavers; former detainees of Flagler County Detention Facility, initiated this action by filing a pro se Complaint under 42 U.S.C. § 1983. Doc. 1. They name one Defendant – the Flagler County Jail. <u>Id.</u> at 2. Plaintiffs allege that while they were housed at Flagler County Jail between November 6, 2017, and January 18, 2021, they were "subject[] to sleep under bright lights 24hrs a day until . . . [they] left for prison." <u>Id.</u> at 6. They argue that "(fluorescent) bright lights in cells on 24hrs a day is a form of human torture causing us not to get our proper sleep." <u>Id.</u> at 5. According to Plaintiff Colon, as a result of this long-term exposure to bright lights, he still suffers from sleep deprivation, his vision has worsened, and he

was diagnosed with PTSD. Id. at 10. As relief, Plaintiffs appear to seek injunctive relief, and state that "when [Plaintiff Colon's] eye diagnosis becomes available, we can see if a price can be put on [his] eyesight." Id.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either

direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

State law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). In Florida, jail facilities are not amenable to suit under § 1983. See Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9,

2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Because the Flagler County Jail is not a legal entity amenable to suit, Plaintiffs fail to state a claim upon which relief may be granted against it. Thus, the Complaint is due to be dismissed on that basis. See, e.g., Reyle v. Clay Cnty. Jail, No. 3:18-cv-522-J-34JRK, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (holding that dismissal without prejudice was warranted when the only named defendant in action was the Clay County Jail).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  This case is hereby **DISMISSED without prejudice**.

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2021.

_____
BRIAN J. DAVIS
United States District Judge

4

Jax-7

C: Joseph Christopher Colon, #V22255
Jimmie Lee Belle, III, #V433593
Nathaniel Ryder Shimmel, #A20973
Christopher Shane Brock, #V37752
Alfred L. Shavers, #M10959